IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DONALD DEAN SHACKELFORD                                         PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:12-cv-110-DCB-JMR

WARDEN A. LONGLY, FCC Yazoo City                                RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. Petitioner Donald Dean Shackelford, #28463-016, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 2, 2012. Upon review of the petition [1] and memorandum in support [2], this Court has reached the following conclusion.

Petitioner was sentenced on April 19, 2009, in the United States District Court for the District of Columbia. Petitioner, in his § 2241 petition [1], asserts that the decision by the United States Supreme Court in U.S. v. Booker, 543 U.S. 220 (2005), held that all judgments issued under the United States Sentencing Guidelines were invalid. Additionally, the Petitioner argues that the portion of his sentence for supervised release is "above and beyond the guideline range." Pet. [1] at p. 7. It is apparent from the petition [1] that Petitioner claims that he should be granted habeas relief because of the holding by the United States Supreme Court in Booker[1].

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district

---

[1] Together with the Booker decision, the United States Supreme Court decided the case of United States v. Fanfan, 543 U.S. 220 (2005).

where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a § 2255 motion "provides the primary means of collateral attack on a federal sentence." Id. (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).  This Court finds that Petitioner is challenging his conviction and sentence and he is seeking relief from said conviction and sentence based on the United States Supreme Court's decision in U.S. v. Booker, 543 U.S. 220 (2005) .  As such, the Fifth Circuit in Pack determined that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

There is, however, a situation whereby "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'"  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).  Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective."  Pack, 218 F.3d at 452.  The United States Court of Appeals for the Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement.  See Reyes-Requena, 243 F.3d at 893.  The Fifth Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 904.  The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

To meet the first prong of the Reyes-Requena test, the Petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that he was convicted of a nonexistent crime.  Reyes-Requena, 243 F.3d at 904.  In the instant petition, the Petitioner argues that the United States Supreme Court's holding in U.S. v. Booker, 543 U.S. 220 (2005) affords him relief from his conviction and sentence imposed by the United States District Court for the District of Columbia.  The Fifth Circuit has specifically held that Booker is not retroactively applicable on collateral review and it does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255.  Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).   Because the Petitioner is required to prove both prongs of the Reyes-Requena test to access the savings clause of § 2255, this Court need not address the second prong.

To the extent this Court could construe these claims pursuant to § 2255, this Court is without jurisdiction to consider such claims.  The only Court to have jurisdiction of Petitioner's § 2255 motion is the sentencing court, *i.e.*, United States District Court for the District of Columbia.

As discussed above, the Petitioner fails to meet the stringent requirements of the savings clause.  Consequently, this petition [1] for relief pursuant to § 2241 is dismissed with prejudice as frivolous, and, to the extent that the petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction.  See Ojo v. Immigration and Naturalization Serv., 106 F.3d 680, 683 (5th Cir. 1997).

SO ORDERED, this the   31st   day of August, 2012.

                                                     s/ David Bramlette
                                           UNITED STATES DISTRICT JUDGE